RECEIVED

FEB 22 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| HAROLD KENNEDY | CIVIL ACTION NO. 2:14-03196 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| LOWES HOME CENTERS, LLC | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #12) filed by defendant Lowe's Home Centers L.L.C. ("Lowes") wherein Lowes seeks to be dismissed from the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure. Lowes maintains that plaintiff, Harold Kennedy, has failed to produce any evidence to establish that Lowes created or had either actual or constructive notice of a plastic band which allegedly was on the floor prior to plaintiff's fall and caused the accident that is the subject of this lawsuit.

## FACTUAL STATEMENT

On November 20, 2013, Kennedy visited the Lowe's store located in Lake Charles, Louisiana. Kennedy claims he tripped on a plastic band located on the floor of the shopping cart storage area outside the entrance of the store. He did not see the plastic band before he fell, and he does not know how the plastic band came to be on the floor, or how long it was there before he fell. The only eye witness, Donald Franklin, did not see the plastic band before Kennedy fell.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.

## **LAW AND ANALYSIS**

This case is governed by Louisiana's Merchant Liability Statute which is as follows:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which might give rise to danger.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following;

   (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
   (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
   (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

   (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

3

Failure to prove any of the required elements of plaintiff's claim is fatal.[9] Thus, plaintiff must show that Lowes either created the tripping hazard or had actual or constructive notice. A plaintiff must "come forward with positive evidence showing that the damage causing condition existed for some period of time and that such time was sufficient to place a merchant defendant on notice of its existence."[10]

The Supreme Court in White v. Wal-Mart has provide us with guidance as to the "temporal element" requirement found in Section (B)(2) of Louisiana Revised Statute 9:2800.6; a plaintiff must prove that the merchant created or had actual or constructive notice of the condition prior to the occurrence. The statute does not allow for the inference of constructive notice absent some showing of this temporal element.

While there is no bright line time period, a plaintiff must show that the condition (in this case the plastic band on the floor) existed for a period of time, and the period of time is sufficiently lengthy that a merchant should have discovered the condition. However, a plaintiff cannot show that the condition existed without also showing that it existed for some time before the fall. Failure to carry this burden of proof as mandated by the statute is fatal to a plaintiff's claim.[11]

In order to establish the temporal element, plaintiff must come forth with evidence that creates a genuine issue of material fact to establish when the hazard occurred, its origin and how

---

[9] White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 9/9/97); Alexander v. Wal-Mart Stores, Inc., 707 So.2d 1292 (La.App. 3d Cir. 2/4/98) writ denied, 717 So.2d 1169 (La. 4/24/98).
[10] White, supra.
[11] Id.

4

long it was on the floor. If plaintiff fails to provide this evidence, then Lowe's has satisfied its burden of establishing that plaintiff will not be able to satisfy his evidentiary burden of proof at trial. In White v. Wal-Mart Stores, Inc.,[12] the Louisiana Supreme Court held that the burden of proof rests with the plaintiff to prove each of the three elements under Louisiana Revised Statute 9:2800.6(B) and does not shift to defendant at any point in the analysis. The failure to prove any one of the three elements will negate a claimant's cause of action.

Plaintiff does not dispute defendant's material facts, but maintains that the facts only address the actual knowledge on the part of the plaintiff and the independent witness, but does not address a lack of constructive knowledge on the part of Lowe's. In an attempt to create a genuine issue of material fact for trial, plaintiff submits the following summary judgment evidence.

(1) Plaintiff tripped on a plastic band which had been attached to Lowes' merchandise prior to the accident.[13]

(2) The manager of loss prevention, safety and security for Lowes, Carlo DeLeon, testified that a plastic band on the floor can create a slip or trip hazard.[14]

(3) DeLeon testified that knowingly leaving a band on the floor would be unreasonable and that it was foreseeable that someone might trip over a plastic band on the ground.[15]

---

[12] 699 So.2d 1081 (La. 9/9/97).
[13] Plaintiff's exhibit O, Barker depo. p. 10, ln. 5-7; DeLeon depo. P. 15, ln. 7-12.
[14] Plaintiff's exhibit D, DeLeon depo. p. 48, ln. 2-6.
[15] Id. p. 48.

5

(4) DeLeon testified that it would not be reasonable to leave a plastic band on the ground in a walkway area and that reasonable care would require that the store pick up the plastic bands on the floor.[16]

(5) Kris Shaw, Loss Prevention and Safety Specialist, testified that the plastic band on the floor created a trip hazard.[17]

Plaintiff submits the affidavit of Private Investigator, Steve Meche,[18] along with pictures attached to the affidavit taken on August 28, 2015. The pictures depict the various type of plastic bands used to bind merchandise and located in various areas of the store, on merchandise, off of merchandise, on shelves and on the floor. [19]

Plaintiff relies on Norton v. Wal-Mart Stores,[20] wherein the court found that the store had constructive knowledge of an ongoing condition (wax paper on the floor in the deli area), even though there was no evidence regarding how long the particular piece of paper involved in the fall had been on the floor in the deli area. In Norton, store employees testified that pieces of wax paper were regularly on the floor in the deli.

Plaintiff also relies on Davenport v. Albertson's Inc.,[21] wherein the appellate court reversed the trial court's granting of summary judgment in favor of the defendant. The appellate court held that the plaintiff may prove constructive knowledge by introducing circumstantial evidence whereby the factfinder could infer that the condition existed for some period of time.

---

[16] Id. p. 86-87.
[17] Plaintiff's exhibit F, Shaw depo. pp. 24-25.
[18] Plaintiff's exhibit B, Steve Meche Affidavit.
[19] Plaintiff's exhibit B, Meche Affidavit.
[20] 707 So.2d 489 (La.App. 3 Cir. 02/11/98).
[21] 774 So.2d 340 (La.App. 3 Cir. 12/6/2000).

6

Although the plaintiff had no evidence of how long the toy had been on the floor or how it got there, he produced photographs and affidavits showing that the condition of having toys on the floor was not unusual. The court found that photographs taken 14 months after the fall were relevant and admissible concerning the issue of constructive knowledge and created a genuine issue of material fact for trial.

In this case the photographs by Mr. Meche were taken approximately 21 months after the accident and there is no evidence that the condition of the store at the time the pictures were taken was the same as at the time of the accident. More to the point, none of the photographs were taken in the area outside the store where the cart are stored and where Mr. Kennedy's accident occurred. The court therefore finds that the photographs are totally irrelevant; none of the photographs depict the area where the accident took place—in the cart storage area. The photographs submitted show only areas of the store where merchandise is stocked.

Plaintiff concedes that the only issue in this case is whether or not Lowes had actual or constructive knowledge of the plastic band on the ground.[22] Plaintiff submits Lowes' Incident Report; the Section entitled "Employee Who Last Inspected, Stocked and/or Cleaned the Area Before the Incident" indicates "N/A." The time of the last inspection is marked "N/A."[23]

Plaintiff submits evidence as to the procedure for shopping carts. Shoppers customarily leave the carts in the parking lot; the carts are retrieved by Lowes' employees who return them

---

[22] Plaintiff's opposition brief, p. 2, R. #17.
[23] Plaintiff's exhibit A.

to the cart storage area.[24] Lowes employees are supposed to clean out the carts before placing them in the storage area.[25]

Plaintiff argues that had Lowe's employees properly cleaned out the carts, the plastic band would not have been on the ground and the accident would have been avoided. Thus, plaintiff maintains that it is more probable than not that Lowes employees created the condition by failing to clean the carts prior to placing them in the storage area and allowing the plastic band to be on the ground. However, there is no evidentiary basis for the trier of fact to presume that the offending strap was ever in a cart, much less one which was returned to the cart area by a Lowes employee.

Plaintiff remarks that there were photographs taken shortly after the fall which would show the location of the carts as well as the condition of the area. Plaintiff asserts that the incident report[26] indicates that photographs were taken after the accident. Plaintiff notes that Shaw reviewed said photographs concerning the accident "in the same month as the incident."[27] Plaintiff complains that Lowes has failed to produce photographs taken related to the fall and that the discovery responses state that Lowes is not in possession of any photographs related to the accident.[28] Thus, plaintiff maintains that he is entitled to a presumption that the evidence would have been detrimental to Lowes—the party who failed to produce the evidence. Plaintiff

---

[24] Plaintiff's exhibit J, Barker depo. p. 21, Plaintiff's exhibit D, DeLeon depo. p. 28, Plaintiff's exhibit F, Shaw depo., p. 17
[25] Plaintiff's exhibit J-1, Barker depo. p. 27-28.
[26] Plaintiff's exhibit A.
[27] Plaintiff's exhibit G, Shaw depo. p. 48-49.
[28] Plaintiff's exhibit H, Lowes' Answer to Interrogatory No. 16.

8

argues that Lowes' inability to find this evidence without some further explanation is not a good enough reason for the adverse presumption not to apply.[29]

It seems that plaintiff is attempting to assert a spoliation argument because Lowes claims not to have possession of the photographs. While plaintiff may indeed be entitled to a presumption, we find that said presumption is irrelevant as to whether or not Lowes had actual or constructive knowledge of the plastic band being left on the floor for any length of time in the storage cart area. The plastic band had already been picked up by Mr. Franklin, plaintiff's eye witness, and there has been testimony that there was no other trash or debris in the storage cart area.[30] So the most the photographs could establish would be a relatively clean cart storage area. This does nothing to prove plaintiff's temporal element of actual or constructive notice.

## CONCLUSION

Based on our review of the summary judgment evidence, we find that plaintiff has failed to present sufficient evidence to support his burden of proof under the Louisiana Merchant Liability Statute. Plaintiff has failed to establish that Lowes either created the hazardous condition or that Lowes had actual or constructive knowledge of the hazardous condition. Accordingly, the court will grant Lowes' motion for summary judgment dismissing with prejudice plaintiff's claims.

---

[29] Logan v. Brink's Inc. 16 So.3e 530 (La.App. 4 Cir. 7/1/09); Salone v. Jefferson Parish Dept. of Water, 645 So.2d 747 (La.App. 5 Cir. 10/12/94).
[30] Defendant's exhibit 4, Donald Franklin depo. p. 17, ln. 10-17.

9

**THUS DONE AND SIGNED** in chambers on this 22nd day of February, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE